UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | CIVIL ACTION NO. 15-2349 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GROUPO RIMAR, AKA SUAVINEX | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a breach of contract action filed by Plaintiff Luv N Care, Ltd. ("LNC"). LNC sued Defendant Groupo Rimar a/k/a Suavinex ("Suavinex") for alleged violations of the parties' 2012 Termination Agreement and Mutual Release ("2012 Termination Agreement"). On May 13, 2015, the Court issued a Ruling and Judgment [Doc. Nos. 24 & 25] dismissing LNC's claims against Suavinex. On May 31, 2016, Suavinex filed the instant Motion for Attorneys' Fees and Expenses ("Motion for Attorneys' Fees") [Doc. No. 27].

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This is not the first time these parties have litigated provisions of the 2012 Termination Agreement in this Court. On August 14, 2014, LNC filed suit against Suavinex for the alleged violations of other provisions of the 2012 Termination Agreement. ("*Suavinex I*"). Weeks after the amendment deadline had passed, on May 15, 2015, LNC attempted to amend the Complaint to add the instant claim. [Case. No. 14-2491, ("*Suavinex I*") Doc. No. 35]. On June 17, 2015, Magistrate Judge Karen L. Hayes denied the motion on grounds of untimeliness and futility. (*Suavinex I*, [Doc. No. 54]). LNC did not appeal Magistrate Judge Hayes' Order to this Court.

On September 9, 2015, LNC filed the instant Complaint. ("*Suavinex II*"). On September 30,

2015, the Court granted Suavinex's Motion for Summary Judgment in *Suavinex I*, dismissing LNC's claims. The Court finalized the judgment on December 28, 2015.

On January 11, 2016, Suavinex filed a "Motion to Dismiss, or in the Alternative Rule 12(c) Motion for Judgment on the Pleadings" in *Suavinex II*. [Doc. No. 4]. On February 26, 2016, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 15] in which she recommended dismissing LNC's claims in *Suavinex II* on three separate grounds: (1) *res judicata*; (2) insufficient service of process; and (3) no breach of contract as a matter of law. On May 13, 2016, the Court adopted the findings and conclusions set forth in Magistrate Judge Hayes' Report and Recommendation to the extent it recommended that the Court dismiss LNC's claims on *res judicata* grounds. [Doc. No. 24].

On May 31, 2016, Suavinex filed the instant Motion for Attorneys' Fees and Expenses pursuant to 28 U.S.C. § 1927 and, alternatively, under paragraph 5.9 of the 2012 Termination Agreement. [Doc. No. 27]. LNC filed a memorandum in opposition to the Motion for Attorneys' Fees on June 8, 2016. [Doc. No. 31]. Suavinex filed a reply memorandum. [Doc. No. 32].

## II.   LAW AND ANALYSIS

It is well settled in Louisiana that a prevailing litigant may not recover his attorneys' fees unless provided for by statute or contract. *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La. 1980) (citing *Hernandez v. Harson*, 237 La. 389, 111 So.2d 320 (1959)). Suavinex argues that it is entitled to the award of attorneys' fees pursuant to statute and contract. [Doc. No. 27].

### A.   Federal Rule of Civil Procedure 54(d)

LNC opposes the motion primarily on the ground that it is untimely under Federal Rule of

Civil Procedure 54(d)(2) because it was not filed within 14 days of this Court's Judgment. [Doc. No. 31]. Under Federal Rule of Civil Procedure 54, "[u]nless a statute or a court order provides otherwise, [a motion for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B). Rule 54 applies to motions for attorneys' fees authorized by contract. *See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 782 (2014) (citing 2 M. Derfner & A. Wolf, Court Awarded Attorney Fees ¶ 18.01[1][c], pp. 18–7 to 18–8 (2013) (remarking that Rule 54(d)(2) applies "regardless of the statutory, contractual, or equitable basis of the request for fees")).

Suavinex does not contest that it failed to file a motion for attorneys' fees within the time frame set by Rule 54(d), but does argue that the time limits set forth in Rule 54 do not govern the § 1927 claim. *See* Fed. R. Civ. P. 54(d)(2)(E) (specifically excluding its time limitations from "claims for fees and expenses . . . as sanctions under 28 U.S.C. § 1927"). The Court entered judgment on May 13, 2016, and Suavinex did not file the instant motion for attorneys' fees until May 31, 2016, four days after the May 27, 2016 deadline.

In *United Industries, Inc. v. Simon–Hartley, Ltd.*, the Fifth Circuit explained that "unless modified by statute or court order," Rule 54(d)(2)'s requirements are mandatory. 91 F.3d 762, 766 (5th Cir. 1996). A party's failure to file a motion within the fourteen-day period "serves as a waiver of its claim for attorneys' fees." *Id.*; *see also Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998), *decision clarified on denial of rehearing*, 169 F.2d 223 (5th Cir. 1999) ("Unless modified by statute or court order, a party's failure to file a timely motion for attorneys' fees under Rule 54(d)(2) serves as a waiver of the request.").

Suavinex, therefore, was required to file its motion for attorneys' fees under the 2012

Termination Agreement within fourteen days from the date of judgment. Because they failed to do so, the Court **DENIES** its motion pursuant to the 2012 Termination Agreement as untimely.

### B. 28 U.S.C. § 1927

Suavinex contends that it should be granted attorneys' fees incurred in connection with this suit pursuant to 28 U.S.C. § 1927. [Doc. No. 27].

Under 28 U.S.C. § 1927, an attorney who "so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Fifth Circuit has held that the district court must find that an attorney multiplied the proceedings both "unreasonably" and "vexatiously" under § 1927 to shift reasonable fees. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). Section 1927 sanctions are not to be awarded lightly. *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 479 (5th Cir. 2012). "To prevent the courts from dampening 'the legitimate zeal of an attorney in representing her client,' *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991), [the Fifth Circuit] has interpreted § 1927 as penal and construes it in favor of the sanctioned party, *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)." *Id.* at 526. Awarding sanctions under section 1927 thus "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards*, 153 F.3d at 246 (citations omitted).

"The standards for bad faith are necessarily stringent," and the court must exercise its inherent power to levy fees for bad faith with restraint. *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir. 1986). "A party should not be penalized for maintaining an aggressive litigation posture," but "advocacy simply for the sake of burdening an opponent with unnecessary

expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto." *Id.* (citation and internal quotation marks omitted). Courts support imposing sanctions where an attorney made repeated filings despite warnings from the court, or other proof of excessive litigiousness. *Procter & Gamble Co.*, 280 F.3d at 525–26 (citing *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988)). However, sanctions will not be imposed for mere negligence of counsel. *See Hahn v. City of Kenner*, 1 F.Supp.2d 614, 617–18 (E.D. La. 1998).

In this case, Suavinex contends that LNC has had five attempts to prove some violation of the parties' agreements, but has yet to create even a factual issue that would warrant proceeding on a claim brought by LNC. [Doc. No. 27, p. 3]. Initially, LNC filed an improper complaint on an alleged breach of the contract in state court. (*Suavinex I* [Doc. No. 64-12, Exh. L]). Next, this Court disposed of all claims asserted in LNC's first complaint and also ruled that LNC's proposed trademark based cause of action was untimely for a seconded amended Complaint. (*Suavinex I* [Doc. Nos. 54 & 127]). Suavinex also notes that LNC appealed this Court's summary judgment decision (*Suavinex I* [Doc. No. 137]), filed the present complaint on the same trademark-based claim that was untimely raised in the previous lawsuit (*Suavinex II* [Doc. No. 1]), and filed a notice of appeal in the present proceedings. (*Suavinex II* [Doc. No. 26]).

Suavinex argues that correspondence from LNC's counsel, Mr. Guerriero, on June 17, 2015, demonstrates LNC's improper purpose for filing the above pleadings. [Doc. No. 27-2]. In Mr. Guerriero's email to Suavinex's counsel, Mr. Guerriero pleads with Suavinex to settle or face repeated filings by LNC concerning any breach of the parties' contract. *Id.*

Having fully considered the entire record in this matter, the Court finds that an award of

5

sanctions under § 1927 would not be an appropriate exercise of its discretion. While LNC's interpretation of the contract was not meritorious, there is insufficient evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *See Edwards*, 153 F.3d at 246; *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014) ("An award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."). LNC's email correspondence does not threaten Suavinex with any unsupported or baseless filings. Rather LNC stated that it intended to continue to file suits, "in which LNC believes [Suavinex has] breached said contract." [Doc. No. 27-2]. The Court does note that the email in question certainly suggests an intent to harass Suavinex with multiple proceedings so as to cause a continued financial burden. However, when read in its entirety, the email does not rise to a level that is sanctionable under § 1927.

The Fifth Circuit denied an award of attorneys' fees under § 1927 in a similar case. *See Ayala v. Enerco Group, Inc.*, 569 Fed. App'x. 241, 251 (5th Cir. 2014). In *Ayala*, the Plaintiff made a second filing in state court against the same defendants, while an identical suit was pending before the federal court. Denying attorneys' fees, the Fifth Circuit explained that:

> We accept that counsel did not advance legally sound arguments for his filing these nearly identical claims against [Defendant] in the second state court action. It is not enough, however, that counsel made legal error. . . . While counsel's justifications for filing the second state court action may lack merit, that "is not a sufficient basis for awarding sanctions." "Section 1927 sanctions should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Id.*

*Ayala*, 569 Fed. App'x. at 251 (citations omitted).

Here, LNC initially sought to amend its original complaint in *Suavinex I* to assert an

additional breach of contract claim based on Suavinex's use of the term "comfort." (*Suavinex I* [Doc. No. 35]). Magistrate Judge Hayes denied Suavinex's attempt to file a second amended complaint, in part because the filing was "futile," and Suavinex took no action to seek further review of the undersigned. (*Suavinex I* [Doc. No. 54]). Instead, LNC then filed the instant Complaint against Suavinex on the same claim. While LNC clearly failed to follow proper procedures, "[s]ection 1927 only authorizes shifting fees that are associated with the persistent prosecution of a meritless claim." *Browning*, 931 F.2d at 345. "The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." *Nat'l Fed'n of Fed. Employees*, 844 F.2d at 224. After a review of the record, the Court concludes that there is insufficient evidence that counsel's conduct was a result of bad faith, improper motive, or a reckless disregard of the duty owed to the court. LNC's one time re-filing of the breach of contract claim based on Suavinex's use of the term "comfort" is not so persistent as to award sanctions under § 1927. Additionally, the Court has not previously warned LNC's counsel of possible sanctions.[1]

While the Court understands Suavinex's frustration with LNC's litigation tactics, the facts in this case are not so significant as to lead the Court to the conclusion that LNC and its counsel acted in bad faith and vexatiously. The Court does find that LNC's counsel has come perilously close to crossing the line in this case, but the Court will not award sanctions against counsel pursuant to § 1927. Accordingly, Suavinex's Motion for Attorneys' Fees is **DENIED** under 28 U.S.C § 1927.

### III. CONCLUSION

Motion for Attorneys' Fees is **DENIED**. However, the Court cautions LNC and its counsel that there is no basis to further litigate this claim. Any further attempts, absent a ruling of the Fifth

---

[1] The Court will look closely at any further filings by LNC against Suavinex.

Circuit, runs the risk of unreasonably and vexatiously multiplying the proceedings and violating 28 U.S.C. § 1927.

  MONROE, LOUISIANA, this 2nd day of September, 2016.

                           _____
                           **ROBERT G. JAMES**
                           **UNITED STATES DISTRICT JUDGE**