UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | CIVIL ACTION NO. 15-2349 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GROUPO RIMAR, AKA SUAVINEX | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Attorneys' Fees for Appeal ("Motion for Attorneys' Fees for Appeal") filed by Defendant Groupo Rimar a/k/a Suavinex ("Suavinex"). [Doc. No. 36]. Suavinex moves the Court for an award of attorneys' fees against Plaintiff Luv N Care, Ltd. ("LNC") for the time spent litigating the appeal.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the Parties' dispute over provisions of a 2012 Termination Agreement and Mutual Release ("2012 Termination Agreement") in this Court. On August 14, 2014, LNC filed suit against Suavinex for the alleged violations of certain provisions of the 2012 Termination Agreement. ("*Suavinex I*"). Weeks after the amendment deadline had passed, on May 15, 2015, LNC attempted to amend the Complaint to add the instant claim. [Case. No. 14-2491, ("*Suavinex I*") Doc. No. 35]. On June 17, 2015, Magistrate Judge Karen L. Hayes denied the motion on grounds of untimeliness and futility. (*Suavinex I*, [Doc. No. 54]). LNC did not appeal Magistrate Judge Hayes' Order to this Court.

On September 9, 2015, LNC filed the instant Complaint. ("*Suavinex II*"). On January 11, 2016, Suavinex filed a "Motion to Dismiss, or in the Alternative Rule 12(c) Motion for Judgment

on the Pleadings" in *Suavinex II*. [Doc. No. 4]. On February 26, 2016, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 15] in which she recommended dismissing LNC's claims in *Suavinex II* on three separate grounds: (1) *res judicata*; (2) insufficient service of process; and (3) no breach of contract as a matter of law. On May 13, 2016, the Court issued a Judgment adopting the findings and conclusions set forth in Magistrate Judge Hayes' Report and Recommendation to the extent she recommended that the Court dismiss LNC's claims on *res judicata* grounds. [Doc. No. 24].

On May 16, 2016, LNC filed a notice of appeal of the Judgment to the United States Court of Appeals for the Fifth Circuit. [Doc. No. 26]. On September 13, 2016, the Fifth Circuit dismissed the appeal pursuant to a motion filed by LNC. [Doc. No. 35].

On September 23, 2016, Suavinex filed the instant Motion for Attorneys' Fees for Appeal under paragraph 5.9 of the 2012 Termination Agreement. [Doc. No. 36]. On September 29, 2016, LNC filed a memorandum in opposition. [Doc. No. 38]. On October 5, 2016, Suavinex filed a reply memorandum [Doc. No. 39] and LNC filed a sur-reply on October 11, 2016. [Doc. No. 44].

**II.    LAW AND ANALYSIS**

It is well settled in Louisiana law that a prevailing litigant may not recover his attorneys' fees unless provided for by statute or contract. *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La. 1980) (citing *Hernandez v. Harson*, 237 La. 389, 111 So.2d 320 (1959)). Suavinex seeks "reasonable attorney's fees" in the amount of $14,080.00 as the "prevailing party" under the 2012 Termination Agreement. [Doc. No. 36-1]. The 2012 Termination Agreement provides:

> The prevailing party in a claim in a court of competent jurisdiction arising under this agreement against another Party shall be entitled to collect reasonable attorney's fees incurred in connection with the claim or suit in the underlying matter. For purposes

> of this Section, a Party shall be considered the prevailing party if the court of competent jurisdiction has reached a decision which is substantially closer to one Party's original claims or defenses, taken as a whole, than the opposing Party; provided that if the decision is not clearly substantially closer to one party's original claims or defenses, taken as a whole, than the opposing Party, none of the Parties shall be entitled to collect attorney's fees.

(*Suavinex I*, [Doc. No. 64-8, p. 6]).

The Fifth Circuit dismissed the appeal with prejudice pursuant to LNC's motion. [Doc. No. 35]. The Court concludes that Suavinex is the prevailing party because the Court's Judgment in the underlying matter is substantially closer to Suavinex's claims and defenses. Therefore, Suavinex is entitled to collect reasonable attorneys' fees incurred in connection with LNC's appeal.

The express language of the 2012 Termination Agreement dictates that Louisiana law governs the Court's award of attorneys' fees in this case. Under Louisiana law, a "reasonable attorney's fee is determined by the facts of an individual case. In making awards for attorney's fees, the trial court is vested with great discretion . . . ." *Richardson v. Parish of Jefferson*, 98-625 (La. App. 5 Cir. 1999); 727 So.2d 705, 707 (citations omitted). "The fundamental measure of attorney's fees is reasonableness, considering the factors set forth by Rules of Professional Conduct R. 1.5 [now Rule 1.5(a)]." *Mayeur v. Campbell*, 94-2263 (La. App. 1 Cir. 1995); 666 So.2d 366, 370.

Louisiana courts take the following factors into consideration when examining the reasonableness of attorneys' fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Silver Dream, LLC v. 3MC, Inc.*, 10-3658, 2011 WL

5878142, at *2 (E.D. La. Sept. 8, 2011).

These factors are essentially the same as those the Fifth Circuit articulated in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to help courts analyze whether a fee award is reasonable. "Because the fundamental requirement of reasonableness and the factors used under Louisiana law are substantially similar to the federal lodestar method," the Court uses the federal lodestar analysis to determine the reasonable amount of attorney's fees. *See Silver Dream, LLC*, 10-3658, 2011 WL 5878142 at *3 (utilizing federal lodestar method to determine reasonable fee award under Louisiana law).

Under the federal approach, there are two steps in arriving at a reasonable attorney's fee. First, the Court determines the lodestar amount by multiplying the number of hours reasonably expended by an appropriate rate in the community for such work. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993). Next, the court considers whether to raise or lower the lodestar. This undertaking requires the court to consider the *Johnson* factors to ensure the fee's reasonableness. The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

488 F.2d at 718.

### A. *Calculating a Reasonable Hourly Rate*

Attorneys' fees must be calculated at the prevailing market rates in the relevant community

for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Johnson v. City of Monroe*, 06-0635, 2007 WL 4680476 at *2 (W.D. La. Nov. 27, 2007). The relevant legal market is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The party seeking attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Wells v. Regency Hosp. Co.*, 07-3775, 2008 WL 5273712 at *2 (E.D. La. Dec. 15, 2008) "A district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *Worldcom, Inc. v. Automated Communications, Inc.*, 75 F.Supp.2d 526, 531 (S.D. Miss. 1999). A United States District Court for the Middle District of Louisiana described the proof necessary to establish the prevailing market rate:

> "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. Rather, [t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, as well as "affidavits of other attorneys practicing [in the community in question] (the party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community").

*Heck v. Buhler*, 07-00021, 2014 WL 2003270, at *2 (M.D. La. May 15, 2014) (citations omitted).

Here, Suavinex seeks attorneys' fees for three attorneys:

1. Mr. Altherr ("Altherr") who is seeking $200 per hour;

2. Mr. Roth ("Roth") who is seeking $200 per hour;

3. Mr. Rothman ("Rothman") who is seeking $150 per hour.

LNC does not contest the reasonableness of the hourly rates asserted by Suavinex, and the Court found these same rates reasonable in *Suavinex I*. (*Suavinex I*, [Doc. No. 64-8, p. 6]). The Court will adopt Suavinex's proposed rates of $150 per hour for associates and $200 per hour for partners.

### B. *Hours Reasonably Expended*

The lodestar formula's second component is designed to unveil the number of hours the fee-seeking party reasonably expended on the litigation. The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended. The fee-seeking party must also show it exercised "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented. *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990).

Here, LNC first argues that Suavinex spent an inappropriate amount of time in its appellate brief on issues that were not raised on appeal by LNC. [Doc. No. 38, p. 1]. LNC acknowledges that the Fifth Circuit may consider any ground urged at the district court level, not just issues raised on appeal. However, LNC argues that "it should not have been necessary for the Defendant to spend more (54%) of its Appellate Brief argument on the two other much weaker grounds in its Brief to the Fifth Circuit Court of Appeals. . . ." [Doc. No. 40, p. 1].

The Court does not agree with LNC's contention that the focus of Suavinex's brief was inappropriate. There is no evidence that Suavinex expended the requested hours in bad faith or for the sole purpose of increasing a prospective award of attorneys' fees. Thus, the argument provides no support for a finding that the requested hours are unreasonable.

Next, LNC contends that it was inappropriate to have a new associate "do a memo on the history of the cases and charge seven hours for the same." [Doc. No. 38, p. 3]. However, the Court does not find it unreasonable to use an associate to review and organize the procedural history of the case.

Finally, LNC argues that Suavinex's request for an award of 40.5 hours for Mr. Roth's

preparation of the appellate brief is excessive because he spent 17.5 hours on the same issues in Suavinex's Motion to Dismiss at the district court level. [Doc. No. 38, p. 3]. A review of the invoice attached to Defendant's Motion for Attorneys' Fees for Appeal reveals that Mr. Roth spent 3.5 hours reviewing LNC's brief and 37.5 hours drafting the twenty-two page appellate brief. [Doc. No. 36-4, p. 3]. Suavinex contends that Mr. Roth spent additional time on the appellate brief because the content and form requirements of an appellate brief are different than those of the district court level. [Doc. No. 39, p. 2]. Moreover, Suavinex contends that the cases cited at the district court level must be updated and Shepardized. *Id.*

The Court finds that a reduction to the amount of hours spent by Mr. Roth on the appellate brief is appropriate in light of the fact that much of the research and content contained in the brief had already been completed at the district court level. Additionally, the tasks Suavinex contends required additional hours on the appellate brief, such as Shepardizing cases and adhering to appellate form requirements, did not have to be completed by a partner. Those tasks could have been completed by either an associate or a paralegal. Therefore, the Court will reduce Suavinex's requested hours for Mr. Roth's preparation of the appellate brief by 1/4 to 30.38 hours. After Mr. Roth's reduction, the total hours reasonably expended by defense counsel on appeal is 63.28 hours.

| Name | Hours Claimed | Hours Awarded | Billing Rate (per hour) | Awarded Fee |
|---|---|---|---|---|
| Mr. Altherr | 20.9 | 20.9 | $200 | $4,180 |
| Mr. Roth | 40.5 | 30.38 | $200 | $6,076 |
| Mr. Rothman | 12 | 12 | $150 | $1,800 |
| Total | 73.4 | 63.28 | | **$12,056** |

After applying the deduction, the combined lodestar is $12,056.00.

### 3. *Applying the Johnson Factors to the Lodestar*

Generally, the lodestar formula yields a reasonable fee award; indeed, the lodestar amount is presumptively reasonable and courts should not alter it absent extraordinary circumstances. *See Coe v. Chesapeake Exploration, LLC*, 09-290, 2011 WL 4366728, at *6 (E.D. Tex. Sep. 15, 2011). The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). However, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013).

This is not an exceptional case where the lodestar formula fails to provide a reasonable attorneys' fee. In light of those circumstances, the Court finds no reason, based on any of the *Johnson* factors, to modify the $12,056.00 lodestar amount, as to which there is a strong presumption of reasonableness. *See Perdue*, 559 U.S. at 552. Therefore, the Court awards Suavinex attorneys' fees in the amount of $12,056.00.

**III. CONCLUSION**

For these reasons, Suavinex's Motion for Attorneys' For Appeal [Doc. No. 36] is GRANTED IN PART and DENIED IN PART. An award of $12,056.00 in attorneys' fees is entered in favor of Defendant Suavinex and against Plaintiff LNC.

MONROE, LOUISIANA, this 12th day of January, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE